# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SHAYE BRISTER, individually and on behalf of all others similarly situated | § § § | Docket No. _____ |
| Plaintiff, | § § | JURY TRIAL DEMANDED |
| v. | § § § | CLASS/COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)/ |
| STUART PETROLEUM TESTERS, INC. d/b/a STUART PRESSURE CONTROL, | § § § | FED. R. CIV. P. 23 |
| Defendant. | § | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. Shaye Brister ("Brister" or "Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New Mexico Minimum Wage Act, NMSA § 50-4-19 *et seq.,* ("NMMWA") from Stuart Petroleum Testers, Inc. d/b/a Stuart Pressure Control ("Defendant").

2. Plaintiff and those similarly situated to him were employed by Defendant in the oilfield as Well Testers and Flowback Hands, performing technical and manual labor job duties. Such duties included, but were not limited to, assisting with the preparation of equipment and performing well testing related functions on various job sites.

3. Defendant required Plaintiff and the other Putative Class Members to work substantial overtime without compensation.

4. Plaintiff and the other Putative Class Members worked at least 12 hours a day for at least 7 days a week. As a result, they often worked weeks consisting of 84 hours or more.

5. Defendant paid Plaintiff and all Putative Class Members a salary and/or job bonus, regardless of the number of hours worked. Plaintiff and his coworkers never received overtime pay for work performed in excess of 40 hours in a week.

6. This class and collective action alleges that Defendant misclassified Plaintiff and all Putative Class Members as exempt from the overtime requirements and seeks to recover the unpaid overtime wages, liquidated damages, attorney fees, and costs permitted by the FLSA and NMMWA.

## II. JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b). This Court also has federal jurisdiction over the state law class action pursuant to the jurisdictional provisions of the Class Action Fairness act, 28 U.S.C. (d). The Court also has supplemental jurisdiction over the various state sub-classes, if any, pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

9. Plaintiff and other Putative Class Members perform work related tasks for Defendant in this district.

10. Defendant is a Texas corporation with its corporate office located in The Woodlands, TX, and offices in the Eagleford shale region, including Alice, Texas.

## III. THE PARTIES

11. Plaintiff worked for Defendant as a Flowback Hand during the relevant time period. Defendant paid Plaintiff using a salary and bonus system without overtime for his work as a Flowback Hand. Plaintiff never received overtime pay from Defendant. Plaintiff's consent to be a party plaintiff has been filed with the Court as Exhibit A.

12. The Putative Class Members are defined as:

**ALL WELL TESTING AND FLOWBACK EMPLOYEES OF STUART PRESSURE CONTROL EMPLOYED DURING THE PAST THREE (3) YEARS WHO RECEIVED A SALARY WITHOUT OVERTIME COMPENSATION.**

13. The Putative Class Members who worked in New Mexico within the past 3 years are subject to the Rule 23 class allegations made in this case.

14. Defendant **Stuart Petroleum Testers, Inc. d/b/a Stuart Pressure Control,** may be served with process through its registered agent: **Bruce P. Koch** at **10077 Grogans Mill Rd., Suite 100, The Woodlands, Texas 77380** or wherever he may be found.

## IV. COVERAGE UNDER THE FLSA

15. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## V. FACTS

19. Stuart Pressure Control is an oilfield services company proving well related services to oil companies and operators.

20. With many locations, Stuart Pressure Control provides flow control, well testing, and other oilfield related services.

21. Stuart Pressure Control employs many Well Testers and Flowback Hands who perform technical and manual labor type job duties associated with operating oilfield equipment.

22. Well Testers and Flowback Hands work long hours – at least 12 hours a day, 7 days a week.

23. Well Testers and Flowback Hands, however, are not paid by the hour.

24. Well Testers and Flowback Hands are paid a salary and/or job bonus, regardless of the number of hours worked.

25. Well Testers and Flowback Hands' job duties are largely manual labor in nature.

26. Under the FLSA and NMMWA, employees who perform largely technical and manual labor like Brister are non-exempt and should be paid overtime when required to work over 40 hours in a single workweek.

27. While some training is involved by Defendant, Plaintiff's and the Putative Class Members' jobs do not require advanced skill or intense study – these employees are not highly trained mechanics, technicians, or engineers.

28. Plaintiff's and the Putative Class Members' job duties are strictly regulated by Defendant on a daily basis and through the managers who oversee and set the parameters for the

work done.

29. Plaintiff and the Putative Class Members are not allowed to vary from the job duties predetermined for them.

30. Further, Defendant provided Plaintiff and the Putative Class Members with mandatory forms, reports, and other documents that must be completed for each project.

31. Truly, these workers have little to no discretion in how their job, or the jobs of others they work with, is performed.

32. Even though Plaintiff and the Putative Class Members perform very routine, technical, and manual labor job duties, Defendant uniformly failed to pay overtime to these workers.

33. While each Putative Class Members' duties and compensation may vary slightly, their core job responsibilities remain the same.

34. Any differences are not material and do not detract from the common nucleus of facts as described herein.

## VI. FLSA AND NMMWA VIOLATIONS

35. As set forth herein, Defendant violated the FLSA and NMMWA by failing to pay Plaintiff and the Putative Class Members overtime for hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207(a); NMSA § 50-4-22.

36. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the Putative Class Members overtime compensation. Defendant's failure to pay overtime compensation and intentional misclassification of these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

37. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their regular rates of pay, plus liquidated damages or double damages, attorney's fees, and costs. 29 U.S.C. § 216(b); NMSA § 50-4-26.

38. For at least 5 years, Defendant maintained the practice of failing to pay overtime wages to workers like Plaintiff and the Putative Class Members.

39. As a result, Defendant's consistent practice rises to the level of a continuing violation under the NMMWA.

40. Plaintiff and the Putative Class Members are entitled to invoke the benefits of N.M.S.A. 1978, § 50-4-32 (1978).

41. This action "may encompass all violations that occurred as part of [Defendant's] continuing course of conduct regardless of the date on which they occurred." *Id.*

### VII. CLASS AND COLLECTIVE ACTION ALLEGATIONS

42. As described above, Plaintiff and all Putative Class Members have been victimized by Defendant's pattern, practice, and/or policy, which is in willful violation of the FLSA and NMMWA.

43. Many Putative Class Members worked alongside Plaintiff and reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA and NMMWA.

44. Many Putative Class Members, regardless of the division in which the worked, performed similar job duties to Plaintiff.

45. Thus, Defendant imposed a uniform practice or policy on Plaintiff and all Putative Class Members regardless of any individualized factors.

46. Plaintiff and all Putative Class Members received a salary and/or job bonus, regularly worked in excess of forty (40) hours per week, and were not paid overtime compensation.

47. As described above, these Putative Class Members are similarly situated to Plaintiff in terms of relevant job duties, pay provisions, and employment practices.

48. Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA and NMMWA result from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any member of the Putative Class Members.

49. Plaintiff's experience is typical of the experiences of all Putative Class Members.

50. Plaintiff has no interests contrary to, or in conflict with, the members of the FLSA and NMMWA Putative Class Members. Like each member of the proposed Putative Class, Plaintiff has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

51. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

52. Absent this action, many FLSA and NMMWA Putative Class Members likely will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the FLSA and NMMWA.

53. Furthermore, even if some of the FLSA and NMMWA Putative Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

54. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

55. The questions of law and fact common to each of the FLSA and NMMWA Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Defendant employed the FLSA and NMMWA Putative Class Members within the meaning of the FLSA and NMMWA;

    b. Whether the FLSA and NMMWA Class Members were exempt from overtime;

    c. Whether Defendant's decision to not pay overtime to the FLSA Class Members was made in good faith; and

    d. Whether Defendant's violation of the FLSA was willful.

56. Plaintiff's claims are typical of the FLSA and NMMWA Putative Class Members claims. Plaintiff and the FLSA and NMMWA Putative Class Members have sustained damages arising out of Defendant's illegal and uniform employment policy.

57. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

58. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

## VIII. JURY DEMAND

59. Plaintiff demands a trial by jury.

## IX. RELIEF SOUGHT

60. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. For an Order certifying class action(s) under Rule 23 for the purposes of the claims under New Mexico law;

   b. For an Order certifying this case as a collective action for the purposes of the FLSA claims;

   c. For an Order finding Defendant liable for violations of state and federal wage laws with respect to Plaintiff and all Putative Class Members covered by this case;

   d. For a Judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Plaintiff and all Putative Class Members covered by this case;

   e. For a Judgment awarding Plaintiff and all Putative Class Members covered by this case their costs of this action;

   f. For a Judgment awarding Plaintiff and all Putative Class Members covered by this case their attorneys' fees;

   g. For a Judgment awarding Plaintiff and all Putative Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

   h. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
Michael A. Josephson
Fed. Id. 27157
State Bar No. 24014780
mjosephson@fibichlaw.com
Andrew W. Dunlap
Fed Id. 1093163
State Bar No. 24078444
adunlap@fibichlaw.com
Lindsay R. Itkin
Fed Id. 1458866
State Bar No. 24068647
litkin@fibichlaw.com
Jessica M. Bresler
Fed Id. 2459648
State Bar No. 24090008
jbresler@fibichlaw.com
**FIBICH, LEEBRON, COPELAND BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030

**AND**

Richard J. (Rex) Burch
Fed. Id. 21615
State Bar No. 24001807
rburch@brucknerburch.com
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile

**ATTORNEYS IN CHARGE FOR PLAINTIFF**